## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JOSEPH RIDOLFI, | * | |
| | * | |
| | * | |
| Petitioner, | * | |
| | * | Civil Case No.: SAG-22-02589 |
| v. | * | |
| | * | |
| STEAMSHIP TRADE ASSOCIATION | * | |
| OF BALTIMORE, INC., *et al.,* | * | |
| | * | |
| Respondents. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

## <u>MEMORANDUM OPINION</u>

Petitioner Joseph Ridolfi filed a "Petition to Confirm and Enforce Arbitration Award" against Respondents Steamship Trade Association of Baltimore, Inc. ("STA") and Ports America Chesapeake, LLC ("PAC") (collectively "Respondents"). ECF 1. Respondents have filed a Motion to Dismiss or, Alternatively, for Summary Judgment. ECF 6. That motion is fully briefed, and because both parties attached extrinsic evidence to their filings, it will be treated as a motion for summary judgment.[1] ECF 9, 13.  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2021).  For the reasons explained below, Respondents' motion will be granted.

---

[1]  A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436–37 (D. Md. 2011). Conversion of a motion to dismiss to one for summary judgment under Rule 12(d) is permissible where plaintiff has "actual notice" that the motion may be disposed of as one for summary judgment. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin*, 149 F.3d at 261.

## I.   BACKGROUND

The facts described herein are viewed in the light most favorable to Petitioner as the non-moving party.  *See Malinowski v. The Lichter Grp., LLC*, 165 F. Supp. 3d 328, 335 (D. Md. 2016) (citing *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir.2008)).

Petitioner began working for PAC in 1997 as a member of International Longshoremen's Association, AFL-CIO, Local 333 ("the Union").  ECF 1-3 at 3.  PAC terminated Petitioner's employment on September 2, 2021.  ECF 1 at 3 ¶ 15.  The Union filed a grievance on Petitioner's behalf, asserting that PAC lacked just cause for the termination.  ECF 1-1 at 61–63; ECF 1-3 at 12–13, Exh. C.  The Union and PAC arbitrated their dispute pursuant to the Cargo Agreement between STA and the Union.  ECF 1-3 at 2.  In a decision dated December 24, 2021, the Arbitrator sustained the grievance and ordered Petitioner's reinstatement and that he be made "whole for lost back pay and benefits."  ECF 1-3 at 18.

Pursuant to their practice, the Union and PAC began negotiating the amount of the payment.  Because they were unable to reach agreement, they notified the Arbitrator that they would require another arbitration hearing on the appropriate amount owed.  ECF 6-2, 6-3.  However, the Union continued negotiating with PAC.  During this same time frame, Petitioner rejected all of the offers communicated to him and even contacted the Arbitrator himself, but the Arbitrator told Petitioner he could only communicate with the attorneys representing PAC and the Union.  ECF 9-4, Exh. B; ECF 9-5, Exh. C.  Unbeknownst to Petitioner, the Union and PAC reached a settlement of the grievance on April 8, 2022, agreeing to settle for a payment to Petitioner of $30,000. ECF 6-4, Exh. 3. Plaintiff believes he is owed $70,000, plus interest, to fully compensate him for lost back pay and benefits.

## II.    LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The moving party bears the burden of showing that there is no genuine dispute of material fact.  *See Casey v. Geek Squad Subsidiary Best Buy Stores, L.P.*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)).  If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial.  *Id.*  The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial."  *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315–16 (4th Cir. 1993)).  The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor.  *Id.* at 348 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)).  Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another."  *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

Additionally, summary judgment shall be warranted if the non-moving party fails to provide evidence that establishes an essential element of the case.  *Id.* at 352.  The non-moving party "must produce competent evidence on each element of [its] claim."  *Id.* at 348–49 (quoting *Miskin*, 107 F. Supp. 2d at 671).  If the non-moving party fails to do so, "there can be no genuine issue as to any material fact," because the failure to prove an essential element of the case "necessarily renders all other facts immaterial."  *Id.* at 352 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Coleman v. United States*, 369 F. App'x 459, 461 (4th Cir. 2010)

(unpublished)).  In ruling on a motion for summary judgment, a court must view all the facts, including reasonable inferences to be drawn from them, "in the light most favorable to the party opposing the motion."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

### III.  ANALYSIS

The fundamental problem with Petitioner's claim is that, as a non-party to the arbitration, he now attempts to enforce an arbitral award different from that actually issued.  As a Union member, Petitioner is subject to the grievance procedure in the Local 333 Agreement vesting the Union with the *exclusive* right to pursue claims on behalf of its employees.  ECF 1-1 at 61–63 ("In the event of a deadlock . . . the grievance may be submitted to arbitration by the Union or the STA, but only by the Union or the STA, in accordance with the following procedure, *id.* at 62").  The parties agree that the Union has authority over its members' grievances and the arbitration of those grievances.  *See, e.g.*, ECF 9-1 (Plaintiff's motion conceding that "the union has the discretion to determine what employee matters to grieve or arbitrate," citing *Vaca v. Sipes*, 386 U.S. 171, 190–91 (1967)).  Here, the Union arbitrated Petitioner's grievance and received a favorable arbitral award, but that award did not specify the amount of money owed to Petitioner.  Thus, despite Petitioner's insistence, there is no dollar amount associated with that award to be "enforced."

Petitioner does not then seek to enforce express terms contained in the arbitral award in his favor. Instead, he objects to the subsequent settlement reached between the Union and Respondents.  Plaintiff suggests that the settlement was "procured by corruption, fraud, or undue means," ECF 9-1 at 8, and was entered "without his knowledge and approval."  *Id.*  To the extent he believes his Union did not properly represent his interests in the negotiation of the settlement, he should address that issue with the Union.  But the Union is not a party to the instant lawsuit.

Instead, in this case Plaintiff sues Respondents, seeking to enforce an arbitral award that has been fully resolved by the parties to the arbitration dispute through a settlement. Petitioner's Union agreement, which vests the exclusive right to control arbitration with the Union, prohibits his present claim. Thus, summary judgment in Respondents' favor is warranted.

## IV.  CONCLUSION

For the reasons stated above, Respondents' Motion, ECF 6, construed as a Motion for Summary Judgment, will be GRANTED.  Judgment will be entered for Respondents and this case will be CLOSED.

A separate Order follows.


Dated: December 12, 2022                                        _____/s/_____
                                                               Stephanie A. Gallagher
                                                               United States District Judge